[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10054

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CESAR ALBERTO ROMERO CUZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20300-UU-3

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Cesar Alberto Romero Cuza, a prisoner currently confined at the Coleman Low Federal Correctional Institution, appeals *pro se* the district court's denial of his third motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). The district court denied the motion for the same reasons it had before—because neither "extraordinary and compelling reasons" nor the relevant sentencing factors supported a reduction. After review, we affirm.

## I.

Cuza and his business partners made millions of dollars' worth of false claims to insurance companies seeking reimbursement for made-up medical care. He pleaded guilty to conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 and was sentenced to a 92-month term of imprisonment that began in January 2019.

The district court denied Cuza's first *pro se* motion for a sentence reduction, filed early in the COVID-19 pandemic, because his medical conditions—diabetes, hypertension, anemia, high cholesterol, and a history of smoking—did not render the threat of COVID-19 infection an extraordinary and compelling reason for a reduction. The district court considered itself bound by the extraordinary and compelling reasons listed in the application notes to Section 1B1.13 of the United States Sentencing Guidelines.

Alternatively, the district court reasoned that a reduction was not "justif[ied]" under the relevant sentencing factors. That is, Cuza's sentence remained necessary to "to reflect the seriousness of the offense and afford adequate deterrence." *See* 18 U.S.C. § 3553(a)(2)). Cuza filed a *pro se* motion to reconsider, relying on an additional medical condition, kidney failure. The district court denied the motion, reasoning that Cuza's "kidney functions appear[ed] normal" and the sentencing factors "counsel[ed] against his release, in any event." It also noted that Cuza, a repeat offender, had only served roughly a fifth of his sentence.

Cuza then filed the motion that is the subject of this appeal. Through counsel, he filed a renewed motion for a sentence reduction, arguing that his medical condition had "greatly deteriorated." Specifically, Cuza had been diagnosed with COVID-19 and was experiencing symptoms. Given his underlying medical conditions, the renewed motion argued that a sentence reduction was necessary to avoid the threat of reinfection. The district court denied the motion because Cuza had provided "no argument that would cause [the district court] to take a different position" than it had previously. Cuza timely appealed.

## II.

We review a district court's denial of a prisoner's Section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper

procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation omitted).

### III.

Cuza makes three arguments on appeal. First, he argues that the district court erred in holding that extraordinary and compelling reasons did not support a sentence reduction under Section 1B1.13. He contends that the Commission's policy statement is inapplicable, and that the district court may instead freely identify extraordinary and compelling reasons for release on its own. Second, he argues that the district court abused its discretion by failing to conclude the Section 3553(a) factors weigh in favor of his release. Third, he contends that the district court should have found that he is no longer a danger to the public. We disagree.

Section 3582(c) generally bars a district court from "modify[ing] a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). An exception to this general rule exists for instances of so-called compassionate release. *See Harris*, 989 F.3d at 909. Under this exception, a district court "may reduce the term of imprisonment[,] . . . after considering the factors set forth in [Section] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction." *Id.* at § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, a "district court may not grant" a motion for a sentence reduction unless it makes three findings: "first, that an

extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with [the applicable policy statements]; and third, that [Section] 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

Here, the district court concluded that Cuza's medical conditions did not warrant reducing his sentence under the Commission's definition of extraordinary and compelling reasons. In making this determination, it was not error for the district court to consider Section 1B1.13. We have held that a district court must look to the reasons listed in the application notes to the Commission's policy statement, U.S.S.G. § 1B1.13 cmt. n.1, to determine whether an "extraordinary and compelling reason" supports a sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021) *cert. denied*, No. 20-1732, 2021 WL 5763101 (U.S. Dec. 6, 2021). And the record supports the district court's conclusion that COVID-19 coupled with Cuza's medical conditions did not present a "truly extraordinary and compelling case[]." Section 1B1.13 "identif[ies] four general categories of 'extraordinary and compelling reasons': medical, age, family, and a 'catch-all "other reasons" category.'" *Giron*, 15 F.4th at 1346 (quoting *Bryant*, 996 F.3d at 1249-50 (citing U.S.S.G. § 1B1.13 cmt. n.1)). Cuza relied on medical reasons that were allegedly made more compelling by the threat of COVID-19 infection. But the district court surveyed Cuza's medical records and determined that his medical conditions were adequately managed by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13

cmt. n.1(A)(ii) (defining an extraordinary and compelling medical reason as a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility . . . ."). Nothing about the ailments Cuza relies on, some of which find no support in his medical records, leads us to conclude otherwise.

Cuza's remaining arguments fare no better. He contends that the Section 3553(a) factors favor reducing his sentence, but he fails to demonstrate that the district court abused its discretion to weigh the factors. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."). In each of its denials, the district court concluded that reducing Cuza's sentence would undermine the Section 3353(a) sentencing factors. It mentioned the "need[] to reflect the seriousness of the offense," *see* 18 U.S.C. § 3553(a)(2)(A), the need "to afford adequate deterrence," *see id.* at § 3553(a)(2)(B), and concerns about recidivism, *see id.* at § 3553(a)(2)(C), "among other factors militating against release." Thus, the district court considered the relevant sentencing factors and exercised its discretion to emphasize some of the factors over the others. *See United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (holding that the district court was "within its discretion" to do so).

And finally, the district court was not required to consider whether Cuza's release would endanger the public. A district court may deny a motion seeking a sentence reduction when it finds that

21-10054              Opinion of the Court                    7

any of the three requirements are lacking, and it need not consider the others. *Tinker*, 14 F.4th at 1238 (holding that where "at least one of the compassionate-release conditions [i]s not satisfied," a district court does not err by "skip[ping] assessment of another condition"). Although the district court did not expressly consider the dangerousness factors, *see* U.S.S.G. § 1B1.13(2), 18 U.S.C. § 3142(g), it concluded that Cuza failed to satisfy the other two requirements for a sentence reduction, rendering any discussion of the third factor unnecessary. Therefore, the district court is

    **AFFIRMED.**