[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10770

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARDO LASCELLES ASHMEADE,
a.k.a. Keith McKelvey,
a.k.a. Dwight Jarrett,
a.k.a. Boom,
a.k.a. Stereo,
a.k.a. Forty-Five,
a.k.a. Rasheed Robinson,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:06-cr-00366-RAL-TGW-3

————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Richardo Lascelles Ashmeade, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"). He argues that the district court abused its discretion by denying his motion without awaiting his reply to the government's response and without considering the arguments he asserted in his reply. The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule. It argues that Mr. Ashmeade's argument with respect to the reply is foreclosed by Rule 3.01(d) of the Local Rules of the United States District Court for the Middle District of Florida. As to the merits, it argues that Mr. Ashmeade failed to present extraordinary and compelling reasons consistent with the policy statement in U.S.S.G. § 1B1.13.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review for abuse of discretion a district court's application of its local rules. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015). We give great deference to the district court's interpretation of its local rules. *Id.* The challenging party bears the burden of showing that the district court made a clear error of judgment. *Id.* Though we liberally construe the pleadings of *pro se* litigants, we still require conformity with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rule 3.01(d) of the Local Rules of the U.S. District Court for the Middle District of Florida provides that "[w]ithout leave, no party may file a reply directed to a response [to a motion] except a response to a motion for summary judgment." M.D. Fla. R. 3.01(d). Mr. Ashmeade did not seek leave of court to file his reply. As a result, the district court did not have to wait for his reply to rule on his motion for compassionate release. The government's position that the district court did not abuse its discretion by denying his motion for compassionate release without considering his

reply is "clearly right as a matter of law." M.D. Fla. R. 3.01(d); *McLean*, 802 F.3d at 1233; *Groendyke Transp.*, 406 F.2d at 1162.

We also review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the [18 U.S.C.] § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states

that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as set out in 18 U.S.C. § 3142(g).    *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1).  As relevant here, the commentary lists a defendant's medical condition as possible "extraordinary and compelling reasons" warranting a sentence reduction.  *Id.*, comment. (n.1).  A prisoner's medical condition may warrant a sentence reduction if she (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes her ability to provide self-care in prison and from which she is not expected to recover.  *Id.*, comment. (n.1(A)).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.*, comment. (n.1(D)).  A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction.  *Id.*, comment. (n.3).

We have held that § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons."  *United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).  We also concluded

in *Bryant* that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the Bureau of Prisons, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

After *Bryant*, we ruled that a district court did not abuse its discretion in determining that the movant's health conditions of high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the COVID-19 pandemic, and thus did not constitute extraordinary and compelling reasons warranting a reduction. *United States v. Giron*, 15 F.4th 1343, 1346 (2021).

Here, the district court did not abuse its discretion by denying Mr. Ashmeade's motion for compassionate release and summary affirmance is again appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. As in *Giron*, the district court did not abuse its discretion in concluding that Mr. Ashmeade failed to establish extraordinary and compelling reasons for release because he did not allege that he was suffering from a terminal illness or that his conditions were not being successfully managed by medication while incarcerated, as required under § 1B1.13. *Giron*, 15 F.4th at 1346; U.S.S.G. § 1B1.13, comment. (n.1(A)).

Moreover, Mr. Ashmeade's argument that § 1B1.13 did not apply is foreclosed by *Bryant*, and his argument that the district court failed to consider the § 3553(a) factors set forth in his reply also fails because the court could deny his motion on any of the

three required grounds for granting a motion for compassionate release, under *Tinker*. *See Tinker*, 14 F.4th at 1237–38; *Bryant*, 996 F.3d at 1252–62. As to his request that this Court stay the proceedings until the Supreme Court's disposition in *Bryant*, the Supreme Court has since denied *certiorari* in *Bryant*, thereby upholding this Court's decision. *See Bryant*, 142 S. Ct. 583. Thus, because the district court was bound and limited by the policy statement in § 1B1.13, the government's position as to the merits is also "clearly right as a matter of law." *Groendyke Transp.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262.

Accordingly, as there is no substantial question that the district court did not abuse its discretion by denying Ashmeade's motion for compassionate release, we GRANT the government's motion for summary affirmance and DENY AS MOOT its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**