[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11524

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TARAS HODIVSKY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00080-KD-B-1

_____

Before JORDAN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

The district court denied Taras Hodivsky, Jr. compassionate release on the ground that he posed a danger to the community, and particularly children. On appeal, Mr. Hodivsky argues that the district court erred by failing to analyze whether his reasons for seeking release were extraordinary and compelling or to consider the 18 U.S.C. § 3553(a) factors. Because a finding of danger forecloses relief, the district court did not err in not considering the other conditions for compassionate release. We therefore affirm.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As relevant here, § 3582(c)(1)(A), however, provides a limited exception:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons

>    warrant such a reduction . . . and that such a reduction
>    is consistent with applicable policy statements issued
>    by the Sentencing Commission.

The "applicable policy statement" to which § 3582(c)(1)(A) refers is U.S.S.G. § 1B1.13, which states that the court may reduce a term of imprisonment if, among other things, it "'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), the district court may reduce a prisoner's sentence if (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so would not endanger any person or the community. *Id.* If the district court finds against the prisoner on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021). *See also Tinker*, 14 F.4th at 1237-38 ("[N]othing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order.").

Mr. Hodivsky's arguments are foreclosed by our precedent. In determining that Mr. Hodivsky posed a threat to the community and to children, the district court necessarily found that his release would be inconsistent with the policy statement in U.S.S.G. § 1B1.13, which is one of the three 18 U.S.C. § 3582(c)(1)(A) requirements. Having made that finding, the district court was not required to consider the other two requirements.

Mr. Hodivsky, moreover, does not contest the district court's finding that he posed a danger. Because he has abandoned any challenge to that finding, the district court's order must be affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 f.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**AFFIRMED.**