[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12781

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL MAGANA-SAGRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:07-cr-00279-CAP-JKL-38

_____

Before JORDAN, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Manuel Magana-Sagrero, a counseled federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  On appeal, he argues that the district court abused its discretion by denying his motion because: (1) the confluence of COVID-19 and his hypertension was an extraordinary and compelling circumstance warranting relief; and (2) the 18 U.S.C. § 3553(a) factors supported compassionate release.  The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that Magana-Sagrero failed to present extraordinary and compelling reasons consistent with the policy statement in U.S.S.G. § 1B1.13.  After careful review, we grant the government's motion for summary affirmance and deny as moot its motion to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotations omitted). Even so, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under § 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

(quotations omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). As relevant here, the commentary lists a defendant's medical conditions and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*, comment. (n.1).

A prisoner's medical condition may warrant a sentence reduction if he: (1) has a terminal disease; or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). A prisoner's family circumstances may warrant a sentence reduction where the "death or incapacitation of the caregiver of the defendant's minor child" occurs or where his spouse is incapacitated, and the defendant would be the only caregiver for his spouse. *Id.*, comment. (n.1(C)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons [(BOP)], there exists in the defendant's case an extraordinary and compelling

reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3).

In *United States v. Bryant*, we concluded that § 1B1.13 applies to all motions filed under that statute, including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). We also held that while the catch-all provision in the commentary to § 1B1.13 granted to the BOP the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence, the commentary did not grant this discretion to the district courts. *Id.* at 1248, 1263, 1265.

Then, in *United States v. Giron*, we addressed a district court's determination that the movant's health conditions of high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the COVID-19 pandemic. 15 F.4th 1343, 1346 (11th Cir. 2021). We affirmed the district court, holding that it did not abuse its discretion by finding that the movant's health did not constitute extraordinary and compelling reasons warranting a reduction. *Id.*

Here, we agree with the government that there is no substantial question that the district court properly denied Magana-Sagrero's motion for compassionate release. *See Groendyke Transp.*,

406 F.2d at 1162.  First, Magana-Sagrero's argument that the district court abused its discretion in following the policy statements in § 1B1.13 is squarely foreclosed by our decision in *Bryant*.  996 F.3d at 1251–62.  There, we held that the policy statement in § 1B1.13 applies to *all* motions filed under § 3582(c)(1)(A) and district courts may not reduce a sentence under that statute unless a reduction would be consistent with § 1B1.13.  *Id.* at 1262.  Thus, the district court correctly applied § 1B1.13 in considering Magana-Sagrero's motion.

Nor is there any substantial question that it was well within the district court's discretion for it to conclude that Magana-Sagrero failed to establish an extraordinary and compelling reason warranting compassionate release under § 1B1.13.  As in *Giron*, the medical condition that Magana-Sagrero presented to the district court -- his hypertension -- was not consistent with § 1B1.13's listed medical conditions, since he did not allege that it was terminal or that it was not being successfully managed by medication while incarcerated.  U.S.S.G. § 1B1.13, comment. (n.1(A)); *Giron*, 15 F.4th at 1346; *Bryant*, 996 F.3d at 1248, 1263, 1265.  Further, although COVID-19 is a medical condition, Magana-Sagrero did not allege that he was suffering from COVID-19, and his allegation that he could contract the virus in the future was hypothetical and conclusory.  *Harris*, 989 F.3d at 912 (holding that a district court does not err in refusing to reduce a prisoner's sentence because his hypertension might increase the risk of a severe illness from COVID-19).  As for Magana-Sagrero's difficult family circumstances -- including

his adult daughter's mental disorders resulting from repeated sexual assaults by her stepfather and his elderly parents' failing health -- they are not consistent with the examples listed in § 1B1.13, which specify that a caregiver must be needed for minor children, a spouse, or a partner.  U.S.S.G. § 1B1.13, comment. (n.1(C)); *Bryant*, 996 F.3d at 1248, 1263, 1265.  And the district court could not create extraordinary and compelling reasons warranting compassionate release beyond those listed in § 1B1.13.  U.S.S.G. § 1B1.13, comment. (n.1(D)); *Bryant*, 996 F.3d at 1248, 1263, 1265.

We recognize that the district court did not explicitly consider the § 3553(a) factors in its order denying Magana-Sagrero's motion for compassionate release.  However, as our case law has made clear, the district court could deny his motion on any of the three required grounds for granting a motion for compassionate release. *See Tinker*, 14 F.4th at 1237–38.  As a result, the district court did not err by declining to address the § 3553(a) factors after it concluded that Magana-Sagrero had not shown an extraordinary and compelling reason warranting compassionate release.

Accordingly, because there is no substantial question that the district court did not abuse its discretion by denying Magana-Sagrero's motion for compassionate release, we GRANT the government's motion for summary affirmance and DENY AS MOOT its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.