[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11527

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GEORGE ARTHUR FARMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00064-SCB-TGW-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

George Farmer, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act.[1]  He asserts the district court erred by *sua sponte* denying his motion based on his failure to provide supporting evidence that he exhausted administrative remedies and suffered from his alleged medical conditions.  He also contends the district court incorrectly found that the 18 U.S.C. § 3553(a) factors weighed against relief. After review,[2] we affirm the district court.

Under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13.  *United States v. Tinker*, 14

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).  As Farmer is proceeding *pro se*, we construe his pleadings liberally. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief. *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021).

Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.* The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322-23 (11th Cir. 2008). A district court is not required to explicitly state on the record that it considered every § 3553(a) factor or to discuss the applicability of each one. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

The district court did not abuse its discretion by denying Farmer's motion for compassionate release because the 18 U.S.C. § 3553(a) factors weighed against release. The district court found Farmer's criminal history and offense conduct weighed against release. This was not an abuse of discretion because Farmer's offense

conduct involved a violent attack on a police officer, and Farmer has a long criminal history of dealing drugs and fleeing from and resisting police, which attests to the need to reflect the seriousness of the offense and protect the public.  Although Farmer included some evidence of rehabilitation in prison, the district court has the discretion to assign weight to each factor.  *See Williams*, 526 F.3d at 1322-33.  Because the district court did not abuse its discretion in finding the § 3353(a) factors weighed against release, we need not address the issues of whether the district court erred in *sua sponte* denying the motion for failing to exhaust administrative remedies or whether Farmer could show extraordinary and compelling reasons for granting relief.  *See Giron*, 15 F.4th at 1347-48.   Accordingly, we affirm.

**AFFIRMED.**