[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10554

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEIGHTON MARTIN CURTIS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:11-cr-60065-JAL-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Leighton Martin Curtis ("Curtis"), a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that the district court abused its discretion in denying his motion because he showed extraordinary and compelling reasons under the catch-all provision of U.S.S.G. § 1B1.13.  For the following reasons, we disagree.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).  Section 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent

with applicable policy statements issued by the Sen-
tencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).  Thus, a defendant can file a motion for
compassionate release in a district court only after he has exhausted
his administrative remedies.  *Id.*

If the defendant has satisfied the exhaustion requirement,
then the district court may grant compassionate release only if it
makes three findings: (1) "that an extraordinary and compelling
reason exists," (2) "that a sentencing reduction would be consistent
with U.S.S.G. § 1B1.13," and (3) that the "§ 3553(a) factors weigh in
favor of compassionate release."  *United States v. Giron*, 15 F.4th
1343, 1347 (11th Cir. 2021).  "The plain language of the statute
means that compassionate release is permissible only if all three
findings are made . . . .  If any one of the necessary findings cannot
be made, then compassionate release is not permissible."  *Id.* at
1348 (citation omitted).

Here, the district court denied Curtis's compassionate re-
lease motion for three reasons.  First, he did not satisfy the exhaus-
tion requirement as it relates to his argument that COVID-19 is a
ground for compassionate release.[1]    Second, he did not

---

[1] However, the district court acknowledged that Curtis "properly satisfied the
exhaustion requirement with respect to the following grounds for compas-
sionate release: '(1) he was punished excessively, (2) he is very rehabilitated,
(3) he has a low recidivism risk, (4) he is financially stable, and (5) he does not
pose a threat to society.'"  On appeal, Curtis has clarified that his motion for
compassionate release was "not for COVID-19" but was instead based on

4                    Opinion of the Court                    21-10554

demonstrate that an extraordinary and compelling reason existed for compassionate release.  Third, the § 3553(a) sentencing factors weighed against compassionate release.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  This standard of review affords district courts a "range of choice," and we "cannot reverse just because we might have come to a different conclusion."  *Id.* at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings.  *Id.* at 911.

We cannot conclude that the district court abused its discretion by determining that Curtis failed to show an extraordinary and compelling reason for compassionate release.  On appeal, Curtis argues that several grounds satisfy this requirement: (i) he received a greater sentence than similarly situated defendants convicted of the same crimes, (ii) he has fully rehabilitated during his time in prison, (iii) he has a reentry plan, and (iv) he received an excessive

---

"other reasons" that fell under the catch-all provision of Section 1B1.13.  Given that, Curtis may proceed with his appeal of the district court's denial of his compassionate release motion insofar as his motion was based on "excessive punishment, his rehabilitation, his low risk of recidivism, his financial stability, and [his argument that] he does not pose a risk to any [member] of . . . society."

punishment for choosing to go to trial. Yet, as the district court correctly determined, none of these asserted grounds qualify as extraordinary and compelling reasons.

Under the governing policy statement's catch-all provision, an extraordinary and compelling reason may exist—beyond reasons relating to the defendant's health, age, and family circumstances—only for other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D). As we recently held, this language precludes district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1263–65 (11th Cir. 2021); *see also Giron*, 15 F.4th at 1350 ("Our recent decision in *Bryant* held that district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and that only the [BOP] can expand the extraordinary and compelling reasons under the catch-all provision."). This recent precedent forecloses Curtis's argument that district courts are not bound by Section 1B1.13 when determining whether extraordinary and compelling reasons for compassionate release exist. And because neither the Sentencing Commission nor BOP Director have said that any of Curtis's asserted bases for compassionate release qualify as extraordinary and

compelling reasons, the district court did not abuse its discretion in determining that no extraordinary and compelling reason existed.[2]

Even if Curtis's asserted bases for compassionate release did qualify as extraordinary and compelling reasons, the district court determined that none of them would justify compassionate release in this case. First, the district court explained why Curtis's sentence was not excessive: it was within the guidelines, and there was no merit to Curtis's assertion that ineffective assistance of counsel caused his sentence. *See Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 2463 (2007) ("[B]y the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence . . . . That double determination significantly increases the likelihood that the sentence is a reasonable one."). Second, it determined that Curtis was not, contrary to his assertion, rehabilitated because "he continues to assert his innocence, disparage the victim, and blame the victim for his incarceration." Third, the district court rejected his argument that he has a low risk of recidivism and does not pose a further threat to society. On appeal, Curtis reasserts these bases for compassionate release without ever contesting the district court's

---

[2] Moreover, one of Section 1B1.13's application notes states that "rehabilitation of the defendant is not . . . an extraordinary and compelling reason for purposes of this policy statement," explicitly precluding one of Curtis's asserted bases for compassionate release. U.S.S.G. § 1B1.13 cmt. n.3.

21-10554                Opinion of the Court                    7

conclusions. Accordingly, even if Curtis's asserted bases qualified as extraordinary and compelling reasons for compassionate release, he has not shown that the district court abused its discretion in rejecting them. *See Harris*, 989 F.3d at 911 (stating that a court may abuse its discretion if it makes clearly erroneous factual findings).

Because we conclude that the district court did not abuse its discretion in determining that no extraordinary and compelling reason existed for compassionate release, we need not address the Government's argument that the district court correctly determined that the § 3553(a) factors weigh against a sentence reduction. *Giron*, 15 F.4th at 1348 ("[W]hen the district court . . . found that extraordinary and compelling reasons for compassionate release did not exist, it found that one of three absolute prerequisites for compassionate release did not exist, and the district court was not required to examine the other prerequisites."). For the foregoing reasons, the district court's denial of Curtis's motion for compassionate release is

AFFIRMED. [3]

_____

[3] Curtis filed a motion to supplement the record with character references and documents relating to his achievements in prison. We carried this motion with the case, and now deny it because these documents are immaterial to our disposition of this appeal. *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003) ("We rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice."). Accordingly, Curtis's motion to correct or modify the record is **DENIED**.