[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13942

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL FRANK BURGESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:10-cr-00161-ACC-GJK-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Michael Frank Burgess appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which grants courts discretion to reduce a defendant's sentence if warranted by "extraordinary and compelling reasons." The court found that Burgess's age and medical conditions did not constitute extraordinary and compelling reasons for compassionate release and, even if they had, the 18 U.S.C. § 3553(a) sentencing factors weighed against his early release. After careful review, we affirm.

In November 2011, Burgess was sentenced to 180 months of imprisonment after he pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. §§ 1957 and 2. Initially, Burgess's presentence investigation report ("PSR") recommended a guideline range of 63 to 78 months. But he failed to appear for his first sentencing date, which led to a two-hour standoff with a SWAT team. And so his guideline range increased substantially to 168 to 210 months. The district court applied an enhancement for obstruction of justice, removed a reduction for acceptance of responsibility, and found that he was accountable for $94 million in losses to fifteen victims. Ultimately, the district court imposed the statutory maximum term for both counts, running consecutively, to reach a total of 180 months.

At the time of his sentencing, Burgess was 69 years old and was already experiencing health issues.  Just a year before his sentencing, Burgess had been diagnosed with colon cancer and underwent a colon and large intestine resection to treat it.  He also suffered from high cholesterol for which he took numerous medications and was dependent on Oxycodone for pain management.

In May 2021, Burgess filed a motion for compassionate release *pro se* that focused on the risk that COVID-19 could pose to his health because of his various health conditions.  Then, in July 2021, with counsel, Burgess supplemented his initial motion to assert that notwithstanding the dangers posed by COVID-19, his age and health constituted extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13, cmt. n.1(B).

In his motion, Burgess claimed (and the Government agreed) that at the time of his filing, he was 79 years old and had served 75% of his sentence.  Burgess also explained that he suffers from various severe chronic medical conditions, including heart conditions for which he has undergone surgery, hypertension and cardiac murmurs, high cholesterol, diverticulitis, anemia, and glaucoma.  Finally, Burgess argued that release was warranted based on the § 3553(a) factors for various reasons: he had demonstrated rehabilitation through his positive involvement in the prison and nearly spotless disciplinary record, his last year in prison was particularly punitive due to the COVID-19 conditions, he had a stable release plan, and his previous approval for transfer to home

confinement demonstrated that he was not a danger to the community.

The district court denied Burgess's motion in October 2021. The court found that although he proved that he met the necessary criteria for age and length of time served, he failed to establish that he was experiencing deterioration in his physical or mental health due to the aging process. The court found that many of his present medical conditions were diagnosed before his sentencing and that his own records showed that he was in stable medical condition and had satisfactory access to medical care. Additionally, the court found that even if he had established extraordinary and compelling reasons to warrant his release, the § 3553(a) factors ultimately weighed against his release. Specifically, the court noted the gravity of Burgess's crimes, considering the amount of restitution he owed, the number of victims he impacted, and his attempt to abscond. The court also found his argument regarding his rehabilitation unpersuasive, given that he was found with a contraband cellphone right before he was to be released to home confinement.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court retains a "range of choice," so long as it does not apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment. *Harris*, 989 F.3d at 911–12.

District courts have limited authority to reduce a prison sentence for compassionate release only when "extraordinary and compelling reasons" warrant such a modification. 18 U.S.C. § 3582(c)(1)(A)(i). In *Bryant*, we held that all motions for compassionate release that claim extraordinary and compelling reasons must adhere to the Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.13. *Bryant*, 996 F.3d at 1262. Therefore, to grant a sentence reduction for extraordinary and compelling reasons, the court must first find three things: (1) an extraordinary and compelling reason exists under § 1B1.13's policy statement; (2) the defendant is not a danger to the community according to 18 U.S.C. § 3142(g); and (3) the § 3553(a) factors support the reduction. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Although the court may conduct the analysis in any order, all three conditions must be met for a court to grant a sentence reduction. *Id.* at 1238.

An extraordinary and compelling reason exists under § 1B1.13's policy statement if the court finds that the defendant's medical condition, age, or family circumstances amount to it. A non-terminal medical condition or declining health qualifies as an extraordinary and compelling reason if it substantially diminishes the defendant's ability to provide self care in custody, and the defendant is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A). Age presents an extraordinary and compelling reason when a defendant is at least 65 years old, is experiencing a serious deterioration in their physical or mental health because of the aging process,

and has served at least ten years or 75% of their term of imprisonment (whichever is less). U.S.S.G. § 1B1.13, cmt. n.1(B).

The weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Tinker*, 14 F.4th at 1241.  "Even so, [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).  But "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Id.* (quotation marks omitted).  Nevertheless, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted).

On appeal, Burgess argues that the district court abused its discretion in several ways.  He claims that the district court used flawed reasoning and an improper legal standard in deciding that Burgess was not experiencing a serious deterioration in physical or mental health because of the aging process.  Specifically, Burgess argues that the court incorrectly applied language that is required for claims based on medical conditions under § 1B1.13, cmt. n.1(A), but is not required for his claim, which was based mainly on his age under § 1B1.13, cmt. n.1(B).  Burgess also claims that the district court abused its discretion when it failed to consider several

21-13942                Opinion of the Court                7

relevant factors that were due more significant weight and that it committed clear error by unreasonably weighing the factors.[1]

We need not resolve whether the district court erred in finding that Burgess was ineligible for a sentence reduction based on § 1B1.13, cmt. n.1(B) because the court found that even if Burgess had met the requirements of § 1B1.13, cmt. n.1(B), consideration of the § 3553(a) factors warranted the denial of compassionate release. Therefore, we may affirm on that discretionary ground, even assuming he established an extraordinary and compelling reason within the meaning of § 1B1.13. *See Tinker*, 14 F.4th at 1239 ("[A] district court does not necessarily err when it assumes that a defendant is eligible for a sentence reduction but exercises its discretion to deny it."); *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (stating that "[i]f any one of the necessary findings cannot be made," including that the § 3553(a) factors favor early release, "then compassionate release is not permissible").

Here, the district court did not abuse its discretion when it concluded that the § 3553(a) factors did not support a sentence reduction. Burgess argues that the court failed to consider his mitigating factors, such as his release plans, ties to the community, and COVID-19 risks. But the district court was not required to

---

[1] Burgess also argues that the district court has the authority to define extraordinary and compelling reasons on its own and is not bound by U.S.S.G. § 1B1.13, but that argument is foreclosed by binding precedent. *See Bryant*, 996 F.3d at 1262 (holding that district court are bound by § 1B1.13 when resolving motions under § 3582(c)(1)(A)).

expressly discuss all of Burgess's mitigating evidence or every §
3553(a) factor.  The court did acknowledge that Burgess is a non-
violent offender with no prior criminal history, but it found that
the nature of the offense, the number of victims it impacted, and
the millions owed in restitution outweighed those circumstances.
As for Burgess's health, the court noted that although Burgess was
suffering from various medical conditions, several of them, includ-
ing his colon cancer, were diagnosed before his sentencing, and the
court considered them during Burgess's original sentencing.  The
court also acknowledged Burgess's argument about his rehabilita-
tion but found it unpersuasive, considering he was found with a
contraband cellphone after he had been approved for home con-
finement.

Based on its consideration of these factors, the district court
concluded that Burgess's sentence reflects the seriousness of his
crime, deters criminal conduct, protects the public, and provides
just punishment.  It is for the district court to decide what weight
to attribute to the factors, and Burgess has not shown that the court
abused its discretion in its consideration of the § 3553(a) factors or
its finding that they did not warrant a reduction in his sentence.

For these reasons, we affirm the denial of Burgess's motion
for early release under § 3582(c)(1)(A)(i).

**AFFIRMED.**