[PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14018

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ENRIQUE MONDRAGO GIRON,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:14-cr-00289-SDM-AEP-1

———————————

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

Martin Enrique Mondrago Giron, a Colombian national and federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Giron argues that the district court erred in two ways: first, it improperly relied upon a policy statement of the Sentencing Commission when deciding whether an "extraordinary and compelling" reason existed to reduce Giron's sentence, U.S.S.G. § 1B1.13; second, the district court abused its discretion by not considering the sentencing factors under 18 U.S.C. § 3553(a).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The abuse of discretion

standard of review "is not simply a rubber stamp." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quoting *United States v. Docampo*, 573 F.3d 1091, 1104 (11th Cir. 2009) (Barkett, J., concurring in part and dissenting in part)). "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* This standard of review, though, does afford district courts a "range of choice," and we "cannot reverse just because we might have come to a different conclusion." *Harris*, 989 F.3d at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings. *Id.* at 911.

## I.

We begin with Giron's first issue—did the district court err by relying upon U.S.S.G. § 1B1.13, the Sentencing Commission's policy statement, and denying his request for compassionate release. A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). A statutory exception exists for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Under this exception, a district court may grant a prisoner's motion for compassionate release after determining that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) §

3553(a) sentencing factors weigh in favor of a reduction. *Id.* The Sentencing Commission has issued a policy statement concerning this exception: Section 1B1.13. The application notes for Section 1B1.13 identify four general categories of "extraordinary and compelling reasons": medical, age, family, and a "catch-all 'other reasons' category." *Bryant*, 996 F.3d at 1249–50 (citing U.S.S.G. § 1B1.13 cmt. n.1). If a district court finds that an extraordinary and compelling reason exists, it must also determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before granting compassionate release. U.S.S.G. § 1B1.13(2).

On appeal, Giron argues that the policy statement does not constrain district courts from independently assessing whether extraordinary and compelling reasons exist. He further argues that the confluence of his medical conditions and COVID-19 creates an extraordinary and compelling reason warranting compassionate release under either the medical or catch-all provisions of Section 1B1.13. Under this Court's recent precedent, however, Giron is incorrect on both counts.

First, we have recently held that Section 1B1.13 constrains district courts' authority to identify when extraordinary and compelling reasons exist. *Bryant*, 996 F.3d at 1262. The compassionate release exception requires that any sentence reduction be "consistent with applicable policy statements." 18 U.S.C. § 3582(c)(1)(A). In *Bryant*, we concluded that Section 1B1.13 "is an applicable policy statement that governs all motions under Section

3582(c)(1)(A)." 996 F.3d at 1262. "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* This "consistent-with requirement" means that Section 1B1.13 is "binding on district courts" that are adjudicating motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 1251–52. Thus, under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13.

Second, we cannot conclude that the district court erred in concluding that Giron had failed to demonstrate extraordinary and compelling reasons for compassionate release. Giron asserts only medical reasons. Under the governing policy statement, the only medical conditions that rise to the level of extraordinary and compelling are as follows: if the medical condition (i) is a terminal illness or (ii) "substantially diminishes the ability of the defendant to provide self-care within" prison. U.S.S.G. § 1B1.13 cmt. n.1(A). The Government, in its response to Giron's motion for compassionate release, argued that Giron's high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the existence of the COVID-19 pandemic. The district court adopted the Government's response in full when denying compassionate release, and we cannot conclude that the district court erred. *See Harris*, 989 F.3d at 912 (holding that the district court did not abuse its discretion by denying compassionate release

to an inmate with hypertension despite the increased risk of death or severe medical complications from COVID-19).

The catch-all provision likewise cannot provide Giron relief. As stated in Section 1B1.13's application notes, in addition to the descriptions of extraordinary and compelling reasons in the medical, age, and family categories, the application notes provide for a catch-all (other reasons) category, but only "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D). We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13. 996 F.3d at 1263–65. Therefore, the district court did not err by finding that no extraordinary and compelling reason existed as defined by Section 1B1.13.

## II.

Giron's second argument on appeal is that the district court abused its discretion by denying his motion for compassionate release without weighing the sentencing factors under 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3582(c)(1)(A),[1] a district court may not

---

[1] The statute says, "[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) (formatting modified).

20-14018            Opinion of the Court                    7

grant compassionate release unless it makes three findings. *United States v. Tinker*, — F.4th —, 2021 WL 4434621, at \*2 (11th Cir. Sept. 28, 2021).[2] Those three findings, which *Tinker* holds need not be made in any particular order, *id.*, are: first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13[3]; and third, that § 3553(a) factors weigh in favor of compassionate release. Here, by adopting the Government's response in full, the district court seemingly addressed only the first issue: whether an extraordinary and compelling reason existed. The Government's response noted that the second and third issues were relevant if the district court were to grant compassionate release, but it did not independently analyze them. This raises a question: does a district court abuse its discretion by denying compassionate release after analyzing only one of the three statutory requirements under 18 U.S.C. § 3582(c)(1)(A)? Based on the plain text of the statute and our recent precedent, we conclude that the answer is no.

A.

---

[2] The Sixth and Tenth Circuits have similarly described this as a three-step test for granting compassionate release. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020); *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021).

[3] This finding, in turn, requires the district court to determine that compassionate release would not "endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker*, 2021 WL 4434621, at \*2.

When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public. Our very recent decision in *Tinker* so holds, as discussed more fully below. Similarly, the text of 18 U.S.C. § 3582(c)(1)(A) plainly provides that a district court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," and only after making two additional findings:

> (1) that "extraordinary and compelling reasons warrant such a reduction," and
>
> (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The clear inference from the language—"after considering the factors set forth in section 3553(a)"—is that the third finding a district court must make before granting compassionate release is that the § 3553(a) factors favor compassionate release. To demonstrate that compassionate release is available only if the district court makes all three findings, we set forth verbatim the relevant language of the statute, inserting in brackets [1], [2], and [3] reflecting the three necessary findings:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—

> (A) the court . . . may reduce the term of im-
> prisonment . . . [3] after considering the factors
> set forth in section 3553(a) to the extent that
> they are applicable, if it finds that—
>
> > (i) [1] extraordinary and compelling rea-
> > sons warrant such a reduction . . .
>
> [2] and that such a reduction is consistent with
> applicable policy statements issued by the Sen-
> tencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). The plain language of the statute means that compassionate release is permissible only if all three findings are made: "The court may not modify a term of imprisonment once it has been imposed except that . . . ." *Id.* If any one of the necessary findings cannot be made, then compassionate release is not permissible. Thus, when the district court in this case found that extraordinary and compelling reasons for compassionate release did not exist, it found that one of three absolute prerequisites for compassionate release did not exist, and the district court was not required to examine the other prerequisites. In other words, if the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.

## B.

This Court's recent decision in *Tinker* compels this analysis. Moreover, even before *Tinker*, our *Bryant* decision implied that a district court need not consider the § 3553(a) factors if it determines

that "extraordinary and compelling reasons" for compassionate release do not exist. 996 F.3d at 1254 ("If he is dangerous or if his circumstances do not match any of the four categories, then he is ineligible for a reduction. If he is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors . . . .").

This case is similar to *Tinker*, though the facts are inverted. In *Tinker*, the district court assumed that "extraordinary and compelling reasons" existed for compassionate release yet ultimately decided that the § 3553(a) factors and the requirements in U.S.S.G. § 1B1.13 counseled against relief. 2021 WL 4434621, at *1. Here, the district court found that "extraordinary and compelling reasons" did not exist and did not even discuss the § 3553(a) factors. In other words, the district court in *Tinker* skipped step one, and the district court here skipped step three. Despite this distinction, our reasoning in *Tinker* compels the same result here.

In *Tinker*, the defendant argued, *inter alia*, "that the district court erred when it assumed that he satisfied § 3582's 'extraordinary and compelling reasons' criterion without making explicit factual findings to that effect." *Id.* We rejected that argument for three reasons. First, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order." *Id.* at *2. Second, because the three findings required by § 3582(c)(1)(A) are "all necessary conditions" for the granting of compassionate release, "the absence of even one would foreclose a sentence reduction." *Id.* Therefore,

a district may "skip" the consideration of one condition by assuming its existence and deny relief if it finds that "at least one of the compassionate-release conditions was not satisfied." *Id.* Third, our precedent "in a related First Step Act context" held "that a district court does not necessarily err when it assumes that a defendant is eligible for a sentence reduction but exercises its discretion to deny it." *Id.* at \*3 (citing *United States v. Gonzalez*, 9 F.4th 1327 (11th Cir. 2021)).[4]  While not necessary to our holding, we cited with

---

[4] In *Gonzalez*, we affirmed a district court's decision to deny a sentence reduction under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222.  9 F.4th at 1329.  The district court first determined that Gonzalez was not eligible for a sentence reduction under Section 404(b), and we reversed that decision. *Id.* at 1331.  But the district court, in the alternative, assumed that Gonzalez was eligible and denied his requested sentence reduction "in the exercise of its discretion." *Id.* at 1332.  Gonzalez urged this Court to "hold that district courts must always calculate and consider a defendant's new range under the Sentencing Guidelines before exercising their discretion under § 404(b) of the First Step Act." *Id.* We disagreed because such a holding would be inconsistent with Rule 52(a) of the Federal Rules of Criminal Procedure, which states that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id.* at 1333 (alteration in original).  As applied to Gonzalez, the district court's decision to assume—rather than explicitly spell out—his eligibility was a harmless error because the district court "would have imposed the same sentence without the error." *Id.* (quoting *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009)).  The same was true in *Tinker*: "Even if a district court were to find that 'extraordinary and compelling reasons' justify early release, the result would be the same—denial—where the § 3553(a) factors militate against a sentence reduction. Accordingly, . . . requiring the court to make an explicit finding would be in tension with Rule 52(a) here, as well."  2021 WL 4434621, at \*3.

approval relevant precedent from sister circuits that agreed with our conclusion.[5] *Id.*

These three reasons (especially the second) compel us to conclude that the district court did not abuse its discretion by rejecting Giron's motion for compassionate release based solely on its finding that "extraordinary and compelling reasons" did not exist. In other words, "the absence of even one [of these three necessary conditions] would foreclose a sentence reduction" and "skipping over a necessary condition in the § 3582(c)(1)(A) context isn't per se reversible." *Id.* at *2–3. This is as true for skipping step one as it is for skipping step three.

Another of our recent cases deserves mention. In *United States v. Cook*, we stated that "a district court abuses its discretion

---

[5] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."); *United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (holding that when a district court has assumed the existence of "extraordinary and compelling reasons," the reviewing court need only determine whether the court abused its discretion in analyzing the § 3553(a) factors); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."); *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable [§ 3553(a)] factors." 998 F.3d 1180, 1184 (11th Cir. 2021). However, in *Cook*, the Government conceded that the defendant had established an extraordinary and compelling reason for a sentence reduction, and the Government's *only* argument for affirming the district court's denial of compassionate release was that the § 3553(a) factors favored denying release, and that the record was sufficient to show that the district court considered the § 3553(a) factors. *Id.* at 1185–86. Therefore, when the district court denied the defendant's motion for compassionate release without explaining how it weighed the § 3553(a) factors, we found that the district court abused its discretion because the record did "not allow for meaningful appellate review." *Id.* at 1186.

This case is different. The Government argued, and the district court agreed, that Giron had not presented an extraordinary and compelling reason. The reasoning for that finding is apparent in the record, which affords an opportunity for meaningful appellate review of the district court's decision. *See Johnson*, 877 F.3d at 997 (noting that meaningful appellate review can occur if an explanation of the district court's decision exists either "in the record or the court's order"). Thus, when the district court here found that extraordinary and compelling reasons for compassionate release did not exist, one of the necessary conditions for granting compassionate release was absent; therefore, compassionate release was foreclosed. *Tinker*, 2021 WL 4434621, at *2.

### III.

In summary, the district court did not abuse its discretion in denying Giron's motion for compassionate release.  Our recent decision in *Bryant* held that district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and that only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision.  This holding forecloses Giron's first claimed error.  Additionally, our recent decision in *Tinker* forecloses Giron's second claim to error.  While the district court did not analyze the § 3553(a) sentencing factors, it was not required to do so.  The district court's finding of no "extraordinary and compelling reasons" was sufficiently supported to permit appellate review and was sufficient in itself to support the district court's denial of compassionate release.  Accordingly, we affirm.

**AFFIRMED.**