[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13321

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE ROMEU,
a.k.a. Joseito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:91-cr-10021-JLK-1

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jose Romeu, a federal prisoner represented by counsel, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

In 1995, a jury found Romeu guilty of conspiracy to possess with intent to distribute cocaine and marijuana, of possession of marijuana, of possession of cocaine, and of attempted possession of cocaine. Romeu was sentenced to four concurrent terms of life imprisonment. Romeu's convictions and sentences were affirmed on direct appeal.

In 2020, Romeu moved for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[*] Romeu sought relief based on his medical conditions, his age (68), and the COVID-19 pandemic. Romeu said he suffered from Type II diabetes, high blood pressure, high cholesterol, prostate problems, and from arthritis. Romeu argued that both his medical conditions and his age put him at increased risk of serious illness were he to contract COVID-19. Romeu also argued that his good behavior while in prison, the amount of time he had already served in prison, and

---

[*] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

recent changes to the sentencing guidelines warranted a reduced sentence under the "catch-all" provision in U.S.S.G. § 1B1.13 Application Note 1(D). Romeu asserted that he presented no danger to the safety of others and that the 18 U.S.C. § 3553(a) factors weighed in favor of a reduced sentence.

In February 2021, the district court denied Romeu's motion for compassionate release. The district court determined that Romeu's health problems were being managed effectively in prison and presented no "extraordinary and compelling" reasons warranting compassionate release. Romeu appealed the district court's decision.

In Romeu's first appeal in this Court, the government moved for summary vacatur and for remand to allow the district court to consider expressly the 18 U.S.C. § 3553(a) factors. We granted the government's motion, vacated the district court's order denying compassionate release, and remanded for further proceedings.

On remand, the district court again denied Romeu's motion for compassionate release. The district court first determined that the sentencing factors in section 3553(a) weighed "strongly" against Romeu's release. The district court discussed the serious nature of Romeu's offenses and Romeu's history and characteristics, including Romeu's role as an organizer and leader in the charged conspiracy: a conspiracy that transported and distributed over 27,000 kilograms of marijuana and 3,700 kilograms of cocaine between 1986 and 1991. The district court also noted that Romeu evaded police

for three years after a warrant was issued for his arrest. The district court determined that continued incarceration was necessary to reflect the seriousness of Romeu's offenses, to promote adequate deterrence, and to protect the public. Given the seriousness of Romeu's offenses and the scale of Romeu's drug-trafficking conspiracy, the district court determined that Romeu remained a danger to the community.

The district court also determined that neither Romeu's medical conditions nor his age rose to the level of "extraordinary and compelling" reasons -- within the meaning of U.S.S.G. § 1B1.13 -- warranting compassionate release. This appeal followed.

We review *de novo* whether a defendant is eligible for a sentence reduction under section 3582(c). *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion the district court's decision about whether to grant or to deny an eligible defendant compassionate release under section 3582(c)(1)(A). *See id*. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under section 3582(c). *See* 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). As amended by the First Step Act,

section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so [would be consistent with] § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *Bryant*, 996 F.3d at 1247. The commentary to section 1B1.13 identifies four categories -- including a prisoner's medical condition and a prisoner's age -- that might constitute "extraordinary and compelling reasons"

warranting a reduced sentence.  *See* U.S.S.C. § 1B1.13 comment. (n.1).

Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) suffers from "a serious physical or medical condition" or from age-related deterioration in physical or mental health "that substantially diminishes the ability of the defendant to provide self-care within" prison.  *Id.* § 1B1.13 comment. (n.1(A)).  Under Application Note 1(B), a prisoner's age may constitute an extraordinary and compelling reason warranting relief if the prisoner "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13 comment. (n.1(B)).  Application Note 1(D) -- sometimes referred to as the "catch-all" provision -- provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the other categories.  *See id.* § 1B1.13 comment. (n.1(D)).

The district court committed no error in determining that Romeu's medical conditions and age-related health issues failed to rise to the level of extraordinary and compelling reasons within the meaning of section 1B1.13.  Nothing evidences that Romeu's medical conditions have diminished substantially his ability to provide

self-care while in prison: a required element under Application Note 1(A).  The district court found that Romeu's documented medical conditions (diabetes, high blood pressure, and high cholesterol) were being managed effectively while in prison.  In addition, Romeu's contention that his age and his medical conditions put him at an increased risk of serious illness if he were to contract COVID-19 is too speculative to warrant a reduction of his sentence; Romeu has shown no present serious medical condition that has diminished substantially his ability to provide-self-care.

The district court also determined correctly that Romeu demonstrated no age-related "extraordinary and compelling" reason warranting relief.  Although Romeu is over 65 years old and has served more than 10 years of his sentence, Romeu has shown no age-related "serious deterioration" in his physical or mental health, as required under Application Note 1(B).

On appeal, Romeu argues that the district court applied an improper standard in assessing whether Romeu's age constituted an extraordinary and compelling reason warranting relief.  In support of his argument, Romeu points to district judge's comment that -- compared to the district judge (who was then 93) -- Romeu was "still a young man."  We see no error.  The language of the district court's order reflects clearly that that district court considered the appropriate factors identified in Application Note 1(B) and applied the proper standard in denying Romeu compassionate relief based on Romeu's age.

To the extent Romeu contends that he has shown "other reasons" warranting relief under the "catch-all" provision in Application Note 1(D), the district court lacked authority to consider those arguments. *See Bryant*, 996 F.3d at 1248 ("Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

On this record, we conclude that the district court determined without error that Romeu's medical conditions and age constituted no "extraordinary and compelling reasons" within the meaning of section 1B1.13. Given the lack of extraordinary and compelling reasons warranting relief, we need not consider whether the section 3553(a) factors would support a reduced sentence. *See Tinker*, 14 F.4th at 1237-38, 1240. Nevertheless, we see no error in the district court's determination that the section 3553(a) factors also weighed against granting Romeu compassionate release.

AFFIRMED.