[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 20-14796

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PETER CHRISTIAN BOULETTE,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:06-cr-00131-RDP-HNJ-1

————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Peter Christian Boulette, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by applying the policy statement in U.S.S.G. § 1B1.13, which he argues is inapplicable to motions filed by prisoners, and by finding that he did not present extraordinary and compelling reasons for release and that release was not warranted under the § 3553(a) factors.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). We will then review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Before the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"), 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons

warranted such a reduction.  18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018).  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  When the district court finds that one of these three prongs is not met, it is not required to examine the other prongs.  *Giron*, 15 F.4th at 1348.  Factors under § 3553(a) that the district court may consider include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  18 U.S.C. § 3553(a).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director.  *See* U.S.S.G. § 1B1.13 (stating that a court may reduce a prisoner's sentence only upon a motion from the BOP Director).  The commentary to

§ 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, as long as the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). The commentary lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1(A)-(C)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

In *Bryant*, we concluded that § 1B1.13 applies to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1262-64 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Next, we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the BOP, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a

defendant's sentence. *Id.* at 1248, 1263, 1265. Thus, we rejected Bryant's argument that his situation presented extraordinary and compelling reasons because he would not be subject to a 25-year mandatory minimum sentence for his multiple § 924(c) offenses if he had been sentenced after enactment of the First Step Act. *Id.* at 1251, 1257-58, 1265.

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Tinker*, 14 F.4th at 1241. A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted). Where consideration of the § 3553(a) factors is mandatory, district courts need not address each of the § 3553(a) factors or all of the mitigating evidence. *Id.* Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* The record must indicate that the district court considered a number of the factors. *Id.*

Documents filed by *pro se* litigants are to be liberally construed and must be held to less stringent standards than documents drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, No. 21-1468 (U.S. Oct. 3, 2022).

Here, this Court made clear in its intervening decision in *Bryant* that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, even those filed by prisoners, so the district court did not abuse its discretion in applying § 1B1.13 to Boulette's case. 996 F.3d at 1262. As to Boulette's arguments for extraordinary and compelling reasons for release, the district court correctly determined that Boulette's proffered reasons for release, such as his post-sentencing rehabilitation and the harsh nature of his sentence, arose under the "catch all" provision of U.S.S.G. § 1B1.13, Application Note 1(D). While the district court addressed those reasons on the merits, this Court subsequently determined in *Bryant* that the district court was not authorized to determine that other extraordinary and compelling reasons for relief existed beyond those listed in § 1B1.13. *Bryant*, 996 F.3d at 1248, 1263, 1265. The only argument Boulette made in his § 3582(c)(1)(A) motion that could be considered an extraordinary and compelling reason under § 1B1.13 was his argument that he should be released due to the health risks posed by COVID-19, but he did not address this argument in his brief, and it is thus forfeited before this Court. *Campbell*, 26 F.4th at 873. Thus, the district court correctly determined that Boulette failed to show an extraordinary and compelling reason for release, and this Court may affirm on this basis alone. *See Tinker*, 14 F.4th at 1237-38.

Additionally, the district court also did not abuse its discretion in determining that compassionate release was not warranted

under the § 3553(a) factors.  The district court considered Boulette's arguments that he had worked to rehabilitate himself while incarcerated but determined that in light of the seriousness of his conviction of 6 felony counts, including illegal possession of a firearm and possession with intent to distribute more than 50 grams of methamphetamine, releasing him early would not reflect the seriousness of his offenses or the needs to promote respect for the law, provide just punishment for his past behaviors, afford adequate deterrence to criminal conduct in the future, or protect the community.  Because the record reflects that the district court considered Boulette's arguments and mitigating evidence and the district court had broad discretion in deciding what weight it would give to the § 3553(a) factors, Boulette has not shown that the district court abused its discretion in determining that compassionate release was not warranted under the § 3553(a) factors, particularly as Boulette's sentence had already been commuted to half its original length. *See Tinker*, 14 F.4th at 1241.

Therefore, the district court did not abuse its discretion in denying Boulette's motion for compassionate release.  Accordingly, we affirm.

**AFFIRMED.**