[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10648

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLIB OLEKSANDR IVANOV-TOLPINTSEV,
a.k.a. Gleb Aleksandr Ivanov-Tolpintsev,
a.k.a. Sergios,
a.k.a. Mars,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00309-SDM-AEP-1

_____

Before NEWSOM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Glib Ivanov-Tolpintsev, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence in the form of compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). On appeal, he argues that: (1) the district court erred in relying on the definition of extraordinary and compelling circumstances from U.S.S.G. § 1B1.13 because that section only applies to compassionate release motions submitted by the Bureau of Prisons ("BOP"); (2) the court failed to adequately explain which of the 18 U.S.C. § 3553(a) factors justified the denial of his sentence reduction; and (3) the court ignored his health conditions and his mother's illness, and it abused its discretion in finding that he was not entitled to compassionate release. After thorough review, we affirm.

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under 18 U.S.C. § 3582(c)(1)(A), which provides a statutory exception for compassionate release. *Id*. at 1345–46. Under this exception, a

district court may not grant compassionate release unless it determines that an extraordinary and compelling reason exists, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, and that the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release. *Id.* at 1347.[1] If any of the necessary findings cannot be made, then compassionate release is not permissible. *Id.* at 1348.

Pursuant to its authority under 28 U.S.C. § 994(t), the Sentencing Commission issued a policy statement identifying the circumstances that may qualify as extraordinary and compelling reasons for any § 3582(c)(1)(A) sentence reduction. U.S.S.G. § 1B1.13 comment. (n.1). These circumstances include the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons" that justify compassionate release. *Id.* (n.1(A)-(D)).

In relevant part, a defendant can establish extraordinary and compelling circumstances based on a medical condition by showing that he is suffering from a serious physical or medical condition

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.* (n.1(A)(ii)). A defendant can establish extraordinary and compelling circumstances based on family circumstances in two situations, upon the death or incapacitation of the caregiver of the defendant's minor child or minor children, or upon the incapacitation of the defendant's spouse when the defendant would be the only available caregiver. *Id.* (n.1(C)(i)-(ii)). We are bound by the Sentencing Commission's definition of extraordinary and compelling reasons. *United States v. Bryant*, 996 F.3d 1243, 1251, 1262 (11th Cir. 2021).

Here, the court did not err in determining that Ivanov-Tolpintsev did not qualify for compassionate release. For starters, our precedent forecloses the argument that the district court has discretion to go outside of the Sentencing Commission's policy statement to define the extraordinary and compelling circumstances that justify compassionate release. *See id.* Moreover, he has not shown that he satisfies the policy statement's definition of extraordinary and compelling circumstances. As for his tuberculosis condition, Ivanov-Tolpintsev conceded that his tuberculosis is latent and managed by prophylactic treatment by the BOP, so he cannot establish that he suffers from a serious physical condition that amounts to extraordinary and compelling circumstances based on his medical condition. U.S.S.G. § 1B1.13 comment. (n.1(A)(ii)). Further, his mother's cancer diagnosis does not fall within the list of family circumstances that justify compassionate release, which means that he cannot establish extraordinary and compelling

23-10648                    Opinion of the Court                    5

circumstances on that basis either. *Id.* § 1B1.13(n.1(C)(i)-(ii)). Accordingly, the district court did not err in denying his motion for compassionate release.  18 U.S.C. § 3582(c)(1)(A).[2]

    **AFFIRMED.**

---

[2] We need not reach the issue of whether the court abused its discretion by failing to consider the § 3553(a) factors because the district court's order was not in error.  *See Giron*, 15 F.4th at 1348.