[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11460

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRAVIS LAMONT SMITH,
a.k.a. Hound,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20014-RAR-1

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Smith, proceeding *pro se*, appeals the district court's order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that he no longer qualifies as a career criminal in light of *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*), as his conviction was for an inchoate offense. He also argues that the court incorrectly considered his "other reasons" justifying a sentence reduction, by considering his inability to communicate with loved ones during COVID-19, harsh prison conditions, and his post-sentencing rehabilitation separately as opposed to in combination.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* Moreover, "[a] court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (quotation marks omitted).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release.

*United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13, as amended on November 1, 2023, states that a defendant's sentence may be reduced, upon motion of the defendant, where extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and the court considers the factors in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a) (2023). Section 1B1.13 provides that an extraordinary and compelling reason exists under any of the following circumstances or a combination thereof: the medical circumstances of the defendant; the age of the defendant; the family circumstances of the defendant; or if the defendant was the victim of abuse while serving a term of incarceration. *Id.* § 1B1.13(b)(1)-(4) (quotation marks omitted). Medical circumstances that qualify as an extraordinary and compelling reason include suffering from a terminal illness, a serious physical or functional impairment, or a condition that requires long term or specialized care. *Id.* § 1B1.13(b)(1). Family circumstances that qualify as an extraordinary or compelling reason include the death or incapacitation of a caregiver such that the defendant would be the only available caregiver. *Id.* § 1B1.13(b)(3). A defendant is a victim of abuse such that the abuse would qualify as an extraordinary and

compelling reason if the defendant is a victim or sexual abuse or physical abuse resulting in serious bodily injury. *Id.* § 1B1.13(b)(4).

As amended in November 2023, § 1B1.13(b)(5) serves as a catchall provision for "other reasons," which states that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. U.S.S.G. § 1B1.13(b)(5); *see also id.*, App. C, Amend. 814. Additionally, the amended version of § 1B1.13(d) provides that the rehabilitation of the defendant, by itself, is not an extraordinary and compelling reason for the purposes of the policy statement. *Id.* § 1B1.13(d). Rehabilitation can, however, be considered in combination with other circumstances to determine whether and to what extent a reduction is warranted. *Id.*

Further, section 1B1.13 provides the following regarding consideration of changes in the law for a defendant who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after

full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). Section 1B1.13(c) provides the following regarding limitations on consideration of changes in law:

> Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law . . . may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(c).

Under the Guidelines, a defendant is considered a career offender if (1) he was at least 18 years old when he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance, and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). The Guidelines define a controlled substance offense as an offense under federal or state law that is punishable by imprisonment for a term exceeding one year and prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent toward the listed acts. *Id.* § 4B1.2(b)(1).

In *Dupree*, sitting *en banc*, we held that the definition of a "controlled substance offense" in the former § 4B1.2(b) Guideline unambiguously excluded inchoate offenses like conspiracy and attempt and that it thus was unnecessary to consider, much less defer to, the commentary to the former Guideline stating that "controlled substance offense" includes conspiracy offenses. *Dupree*, 57 F.4th at 1277-79. The Guideline was amended to move that language from the commentary regarding inchoate offenses to the text of § 4B1.2 in November 2023. U.S.S.G. § 4B1.2 (2023); *see id.*, App. C, Amend. 822. Thus, after November 2023, inchoate offenses are included in the definition of a controlled substance offense. U.S.S.G. § 4B1.2(d) (2023).

Pursuant to the 2023 Sentencing Guidelines, under Section 2D1.1(b)(18), a defendant is entitled to a two level reduction in his offense level if he meets the criteria of § 5C1.2. *Id.* § 2D1.1(b)(18). Effective November 1, 2023, the Sentencing Commission adopted Amendment 817 which amended § 5C1.2 to mirror the criteria in the statutory safety valve in 18 U.S.C. § 3553(f), which had been amended to incorporate less stringent criteria for criminal history points. Id. § 5C1.2(a)(1) (5) (2023); *id.* App. C, Amend. 817. These criteria include, in relevant part, that the defendant must have no more than four criminal history points from prior offenses, excluding points from one-point offenses, cannot have any prior three-point offenses or violent two-point offenses, and must not have been an organizer, leader, manager or supervisor of others in the offense, as determined under the Guidelines. 18 U.S.C. § 3553(f)(1), (4).

An appellant may not raise an issue for the first time in a reply brief. *United States v. Chalker*, 966 F.3d 1177, 1195 n.8 (11th Cir. 2020). We may affirm the district court's judgment on any basis supported by the record. *United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018).

Here, the district court did not err in determining that Smith was not eligible for a reduction in sentence under § 1B1.13(b)(6). Smith argues that he no longer qualifies as a career offender because his present federal drug conspiracy offense is no longer a controlled substance offense after *Dupree*, thus entitling him to relief from his unusually long sentence because of the gross disparity between the sentence imposed in 2014 under the career offender enhancement and the sentence likely to be imposed under present law without the enhancement. U.S.S.G. § 1B1.13(b)(6). While Smith is correct in stating that *Dupree* held that a drug conspiracy conviction cannot be a controlled substance offense under the former § 4B1.2(b), that Guideline was amended to expressly state that inchoate offenses do qualify as controlled substance offenses. *See Dupree*, 57 F.4th at 1277 79; U.S.S.G. § 4B1.2 (2023); *id.*, App. C, Amend. 822. Smith's argument on appeal that the district court erred in stating that the amendment took effect in November 2023 when it actually took effect in December 2023 is incorrect. *See* U.S.S.G., App. C, Amend. 822. Hence, by the time Smith filed his § 3582(c)(1)(A) motion, the text of the Guideline at issue in *Dupree* had been amended to provide, clearly, that his drug conspiracy conviction was a controlled substance offense. U.S.S.G. § 4B1.2(d); *id.*, App. C, Amend. 822. Smith does not challenge any other aspect

of the career offender designation.  Because the career offender en-hancement still applies to Smith under current law, he cannot show that the sentence he received in 2014 was greater than the sentence likely to be imposed today, meaning he is ineligible for a sentence reduction under § 1B1.13(b)(6).

This Court need not consider Smith's argument about his eligibility under Amendment 782 or the Ex Post Facto Clause be-cause he raises these issues for the first time in his reply brief. *Chalker*, 966 F.3d at 1195 n.8.

Smith's safety valve argument fails because, as the district court correctly noted, this Court already denied on appeal that same argument regarding Smith's 2004 convictions, defeating his claim that he was entitled to a reduction in his criminal history score and safety valve relief on that basis.  *United States v. Smith*, No. 14-13299, manuscript op. at 4.

There is nothing in Smith's alleged "other reasons" that rises to the gravity of the enumerated extraordinary and compelling rea-sons in § 1B1.13(b).  Smith argues that his post sentencing rehabili-tation along with his inability to communicate with loved ones and harsh prison conditions establish extraordinary and compelling rea-sons sufficient to justify a sentence reduction.  Smith's arguments about his rehabilitation center around completing educational courses and certificates, and largely avoiding discipline.  However, he does not argue, nor does the record support, that he has no dis-ciplinary record, which—contrary to Smith's suggestion—weighs slightly against a sentence reduction.  Moreover, post-sentencing

24-11460              Opinion of the Court                    9

conduct cannot, on its own, establish an extraordinary and compelling reason. And his alleged inability to communicate with his loved ones and his alleged harsh prison conditions fall far short of the level of gravity described in § 1B1.13(b)(1) through (4) so as to qualify under § 1B1.13(b)(5). Considering the alleged circumstances combined, under de novo review, they do not justify a sentence reduction. U.S.S.G. § 1B1.13(b)(5); *Giron*, 15 F.4th at 1345; *Castillo*, 899 F.3d at 1215.

For the foregoing reasons, the decision of the district court is

**AFFIRMED.**