**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11739

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ROBERT LEESEAN WILLIAMS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:14-cr-00010-RH-MJF-1

————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Robert Williams, a federal prisoner proceeding pro se, appeals the district court's denial of his third motion for compassionate release.  He contends that the district court

abused its discretion by finding that he did not meet his burden of showing extraordinary and compelling circumstances under U.S.S.G. § 1B1.13(b) and by rejecting his objections to the calculation of his guideline term of imprisonment. In response, the government moves for summary affirmance, arguing that Williams failed to challenge the district court's findings about the sentencing factors and his danger to the community.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

"We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Under Section 3582(c)(1)(A), "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The policy statement provides that the defendant must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Section 3142(g) in turn provides that the factors to be considered are: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

We have explained that "because the three findings required by § 3582(c)(1)(A) are all necessary conditions for the granting of compassionate release, the absence of even one would foreclose a sentence reduction." *Giron*, 15 F.4th at 1349 (citation modified). "Therefore, a district [court] may skip the consideration of one condition by assuming its existence and deny relief if it finds that at least one of the compassionate-release conditions was not satisfied." *Id.* (citation modified).

We hold pro se pleadings to a less stringent standard and liberally construes them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground." *United States v. Batmasian*, 66 F.4th

1278, 1280 (11th Cir. 2023). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the appellant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (citation modified).

Here, we grant the government's motion for summary affirmance because it is clearly right as matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Even construing Williams's assertions liberally, he does not challenge the district court's finding that he remained a danger to the safety of other persons, particularly children, or to the community under U.S.S.G. § 1B1.13. *See Tannenbaum*, 148 F.3d at 1263. Neither does he raise the matter in his response to the government's motion. He has thus abandoned a necessary element to reduce his sentence. *See Tinker*, 14 F.4th at 1237–38; *Maher*, 955 F.3d at 885; *Batmasian*, 66 F.4th at 1280.

Accordingly, we GRANT the government's motion for summary affirmance of the district court's denial of Williams's motion for compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**