**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13361

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TERRENCE SMITH,
a.k.a. Terry,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00903-PCH-4

————————————

Before ABUDU, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2001, the District Court sentenced Terrence Smith to life imprisonment for firebombing two storefronts, resulting in the

death of one occupant and non-fatal injuries to other occupants. More than twenty years later, Smith filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The District Court denied his motion, concluding that there were no extraordinary and compelling circumstances warranting his release and that the 18 U.S.C. § 3553(a) factors weighed heavily against his release. Finding that the District Court did not err in denying his motion, we affirm.

## I. BACKGROUND

On March 23, 1993, Smith and a co-conspirator burned down Lucille's Market in Miami, Florida, by throwing a firebomb into the storefront. Several months later, on July 23, 1993, Smith and two co-conspirators burned down B&B Fish Market in Pompano Beach, Florida, also by throwing a firebomb into the storefront. This time, the arson attack resulted in the death of an occupant and non-fatal injuries to other occupants.

A federal grand jury indicted Smith on two counts: Count 1, damaging and destroying buildings used in interstate commerce by means of fire and explosives, and Count 2, arson. The jury found Smith guilty on both counts. It also returned a special verdict finding that personal injury and death had occurred because of the charged offenses.

The Probation Office calculated a base offense level of 43 and a criminal history category of VI because Smith was a career offender. On July 30, 2001, the District Court sentenced Smith to

concurrent terms of 60 months' imprisonment on Count 1 and life imprisonment on Count 2.

On June 22, 2025, Smith filed a motion for reduction in sentence pursuant to § 3582(c)(1)(A). In support of his motion, Smith argued that his youth[1] at the time of his offense, his moral development while incarcerated, his unusually long sentence, and the circumstances of his upbringing warranted compassionate release. The District Court denied his motion, finding that a reduction in sentence was not warranted.

Smith now timely appeals, raising largely the same issues on appeal as he did in the District Court. He argues that the District Court erred in denying his motion for compassionate release because his youth at the time of the offense, his unusually long sentence, his rehabilitation while incarcerated, and the disparity between his sentence and the sentence of others convicted of serious crimes constitute extraordinary and compelling reasons warranting a reduction in his sentence. Smith also argues that the District Court abused its discretion in determining that the § 3553(a) factors weighed against his release.

## II. STANDARD OF REVIEW

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After we determine whether the defendant is eligible for a reduction, we review the

---

[1] Smith was 19 years old at the time of both firebombings.

district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (citation modified). "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (citation modified).

### III. DISCUSSION

District courts have no inherent right to modify a sentence and may only do so if authorized by statute. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582, which authorizes the district court to modify its sentence upon motion by the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). Or, alternatively, upon motion of the defendant after the defendant has fully exhausted all his administrative rights to appeal the BOP's failure to bring the motion. *Id.* Upon receipt of such a motion, district courts may grant a motion for compassionate release after determining that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission," and (3) "after considering the factors set forth in section 3553(a)." *Id.*

Here, the District Court found that although Smith had met his exhaustion requirement and therefore was authorized to bring his motion for compassionate release on his own, there were no extraordinary and compelling circumstances warranting his release. The Court also found that the § 3553(a) factors weighed heavily against his release.

We agree with the District Court. Extraordinary and compelling reasons for a reduction in sentence exist under the following circumstances: (1) medical circumstances of the defendant necessitating release, (2) advanced age of the defendant, (3) family circumstances of the defendant necessitating release, (4) being a victim of abuse while incarcerated, (5) other reasons similar in gravity to those described in (1–4), and (6) unusually long sentences.[2] U.S.S.G. § 1B1.13(b).

Smith's youth at the time of the offense does not fall into any of the enumerated categories outlined in U.S.S.G. § 1B1.13(b), nor is it similar in gravity. Likewise, Smith's rehabilitation while in prison is not an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not,

---

[2] The Government asks us to invalidate § 1B1.13(b)(6) on the grounds that the Sentencing Commission exceeded its authority delegated to it by Congress. Because Smith does not qualify for relief under that subsection, we decline to consider its validity.

by itself, an extraordinary and compelling reason for purposes of this policy statement.").

Smith also argues that his sentence was unusually long, given both his youth at the time of his offense and the severity of his sentence compared to the sentences given to other defendants for other serious crimes. Section 1B1.13(b)(6) states in full that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) *may* be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). The District Court identified Amendment 829 to the Sentencing Guidelines as a possible change in the law that might produce a disparity in sentencing between the time Smith was sentenced and the time he filed his motion for compassionate release. Amendment 829 updated U.S.S.G. § 5H1.1 to state that "[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G. App. C, amend. 829 (Nov. 2024). This provision has since been deleted pursuant to Amendment 836

on November 1, 2025. U.S.S.G. App. C, amend. 836 (Nov. 2025). Regardless, as the District Court points out, Amendment 829 was never made retroactive, *see* U.S.S.G. § 1B1.10(d), and therefore may not be considered. Smith fails to identify any other intervening change in law that would have resulted in a gross disparity in sentence had he been sentenced at the time he filed his motion for compassionate release. Therefore, his argument that his sentence qualifies as an extraordinary and compelling reason for a reduced sentence under § 1B1.13(b)(6) fails.

Because no extraordinary and compelling circumstances warrant a reduction in sentencing, we need not discuss whether the District Court abused its discretion in finding that the § 3553(a) factors weighed against release. *See Giron*, 15 F.4th at 1347 ("[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.").

## IV. CONCLUSION

For the foregoing reasons, the District Court's order denying Smith's motion for compassionate release is **AFFIRMED.**