[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11361

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JORGE BONILLA MESA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:10-cr-20661-PCH-2

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Bonilla Mesa, a federal prisoner proceeding pro se, appeals following the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This is Mesa's third motion for compassionate release.

We review a district court's determination about a defendant's eligibility for a sentence reduction under § 3582(c) de novo. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's ruling on an eligible defendant's motion for compassionate release for abuse of discretion. *Id.*

The government moves for summary affirmance of the district court's order. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a prisoner's term of imprisonment "after considering the factors set

---

[1] In our en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

forth in section 3553(a) to the extent that they are applicable, if it finds that" (as relevant here) "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable Sentencing Commission policy statement is set out in U.S. Sentencing Guidelines § 1B1.13. *Bryant*, 996 F.3d at 1248. The application notes to § 1B1.13 establish four categories of circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist: (1) qualifying medical conditions, (2) advanced age, (3) family circumstances, and (4) other circumstances in the defendant's case are determined by the Director of the Bureau of Prisons to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. n.1. Under the policy statement, a defendant's medical conditions qualify as "extraordinary and compelling reasons" for his release if he is suffering from (1) a terminal illness, or (2) a serious physical or medical condition, functional or cognitive impairment, or deteriorating health due to aging, which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* cmt. n.1(A).

To grant a motion for compassionate release under § 3582(c)(1)(A), a district court must first find that all three of the statutory prerequisites for relief are met: extraordinary and compelling reasons justifying release, consistency with § 1B1.13, and support in the § 3553(a) sentencing factors. *United States v.*

*Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  Because all three conditions are necessary, "the absence of even one would foreclose a sentence reduction."  *Id.* at 1238.  Here, the district court found that none of the statutory prerequisites were met.

Now on appeal, Mesa argues that he has shown three "extraordinary and compelling" reasons for release: his medical condition, sentencing disparities, and his rehabilitation in prison. For his medical condition, he claims that he has asthma, obesity, and a missing kidney, all of which also increase his risk of complications from Covid-19.  He also asserts that prisoners receive "minimal medical care."

None of these three reasons are "extraordinary and compelling" under the Guidelines.  In assessing whether reasons are "extraordinary and compelling," district courts are limited to the four categories of circumstances set out in the application notes to § 1B1.13.  *See Bryant*, 996 F.3d at 1248.  Sentencing disparities and rehabilitation may be relevant to other parts of the compassionate release analysis, but they do not fall into one of these categories.

That leaves Mesa's medical conditions.  Although a medical condition may qualify as "extraordinary and compelling," Mesa has not shown that any of his are terminal, so debilitating that they substantially diminish his ability to provide self-care in prison, or that they are not manageable in prison.  Nor has Mesa substantiated his claims of inadequate medical care.

To the contrary, medical records reflect that Mesa's medical conditions have been carefully managed. Mesa has received medical attention several times over the past few years. His visit summaries are detailed: providers measure his vitals, thoroughly assess his health, and refer often to his medical history. As recently as March 2021, Mesa reported that he "[f]eels good, has no complaints."

Providers have also managed the specific ailments that Mesa identifies. In April 2021, Mesa first notified his providers that he was "born with asthma." In response, they carefully analyzed his breathing concerns and made recommendations, even though he said he had not had an asthma attack since 2010. As for obesity, providers have tracked his weight over time and more than once discussed "healthy diet and exercise" and made "specific recommendations" to help his conditioning. It is true that Mesa has been missing a kidney since his childhood, but nothing suggests that this has affected his health, including recent bloodwork. In short, none of Mesa's ailments—alone or together—are a qualifying medical condition under the Guidelines. *See* U.S.S.G. § 1B1.13 cmt. n.1.

Covid-19 does not change the calculus. In fact, this Court recently rejected a prisoner's similar argument that "the confluence of his medical conditions and COVID-19 creates an extraordinary and compelling reason warranting compassionate release." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021). Besides, Mesa's risk is otherwise low. He has been

vaccinated against the virus and received a booster shot, and he is routinely tested for Covid-19.

Because Mesa failed to demonstrate an extraordinary and compelling reason for his release, "one of the necessary conditions for granting compassionate release was absent; therefore, compassionate release was foreclosed." *Giron*, 15 F.4th at 1350. The district court did not abuse its discretion.

We conclude that the government's position on appeal is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," and we therefore **GRANT** the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162. The government's motion to stay the briefing schedule is **DENIED** as moot.

**AFFIRMED.**