[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10543

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MONIQUE MOORE,
a.k.a. Nikki,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cr-00190-SPC-MRM-2

_____

Before ROSENBAUM, GRANT, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Monique Moore, a *pro se* federal prisoner, appeals the district court's order denying her 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Moore argues that her serious medical conditions constitute extraordinary and compelling reasons for her release. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Moore's motion for compassionate relief.

## I.

"While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 879, 874 (11th Cir. 2008) (internal citations omitted). An issue is not briefed on appeal when it is not specifically and clearly identified by a party in its opening brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

A district court's decision to deny a defendant's motion for a sentence reduction is reviewed for abuse of discretion. *United States v Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "A district court has no inherent authority to modify a defendant's sentence and may only do so when authorized by a statute or rule." *Id.* (internal quotation marks omitted). A district court can reduce a sentence based on a motion for compassionate release if (1) there are extraordinary and compelling reasons; (2) the reduction is consistent

with applicable policy statements issued by the Sentencing Commission; and (3) the 18 U.S.C. § 3553(a) factors favor release. *Id.* at 1346. The absence of any of the three conditions forecloses a sentence reduction. *Id.* at 1349-50.

The § 3553(a) factors include the nature of the offense, the defendant's history and characteristics, promoting respect for the law, providing just punishment, deterring crime, protecting public safety, and avoiding sentencing disparities. 18 U.S.C. § 3553(a). A district court abuses its discretion in weighing the § 3553(a) factors if it fails to consider relevant factors, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).

## II.

As an initial matter, Moore has abandoned any challenge to the district court's finding that the § 3553(a) factors weighed against her release. Even construing her *pro se* brief liberally, she does not reference the factors and does not specifically and clearly identify the issue on appeal. *See Timson*, 518 F.3d at 874; *Access Now*, 385 F.3d at 1330. Rather, Moore argues that the district court erred by denying her motion because it determined that she failed to show that her medical conditions were terminal or prevented her from caring for herself while incarcerated.

Regardless, even if Moore had not abandoned the issue, the record demonstrates that the district court did not abuse its discretion in finding that the § 3553(a) factors weighed against Moore's release. *See Giron*, 15 F.4th at 1345. Moore was a major figure in a

significant drug conspiracy by maintaining the house where the drugs were distributed. Moore also had a significant criminal history and a high risk of recidivism. Moreover, Moore has served less than 4 years of her 17.5-year sentence. In denying her § 3582(c)(1)(A) motion, the district court explicitly considered the nature of her offense, her criminal history, and the need to protect the public. Moore has not shown that the district court failed to consider relevant factors, gave significant weight to an improper factor, or committed a clear error of judgment in its analysis. *See Tinker*, 154 F.4th at 1241.

Because we conclude that the district court did not abuse its discretion in finding that the § 3553(a) factors did not favor release, we need not address whether there are extraordinary and compelling reasons for Moore's release. *See Giron*, 15 F.4th at 1346-50 (stating that a motion for compassionate release is not warranted unless all 3 conditions are met and the order in which the district court considers the conditions is irrelevant). Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Moore's motion for compassionate release. *See id.* at 1347, 1350.

**AFFIRMED.**