[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12508

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIO MACLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20587-RNS-1

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Antonio Macli, proceeding *pro se*, appeals the district court's order denying his motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A)(i), from a 30-year sentence of imprisonment that was imposed following his convictions for conspiracy to commit health care fraud, to receive and pay healthcare kickbacks, and to commit money laundering, among other things. Macli argues on appeal that the district court abused its discretion by denying his motion because it committed a clear error in judgment in determining that the 18 U.S.C. § 3553(a) factors weighed against his release. After thorough review, we affirm.

We review a denial of a request for a reduction of a sentence under § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "'A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" *Id.* (quotations omitted). "A district court also abuses its discretion when it commits a clear error of judgment." *Id.* at 912. "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* (quotations omitted).

A district court "may reduce [a defendant's] term of imprisonment . . . after considering the factors set forth in section 3553(a)

to the extent that they are applicable, if it finds that -- (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, "[u]nder 18 U.S.C. § 3582(c)(1)(A), a district court may not grant compassionate release unless it makes three findings." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) (footnote omitted). Specifically, a district court must find: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and third, that § 3553(a) factors weigh in favor of compassionate release." *Id.* (footnote omitted). The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C).

"'The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.'" *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (quotations omitted). "Even so, '[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*)). "In situations where consideration of the § 3553(a) factors is mandatory, district courts needn't address each of the § 3553(a) factors or all of the mitigating evidence." *Id.*

(quotations omitted).  "Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.*

Here, the district court did not abuse its discretion in concluding that the § 3553(a) factors weighed against granting Macli's motion for compassionate release.  As the record reflects, the district court found that the § 3553(a) factors weighed against Macli's release because of the severity of his offenses -- which defrauded Medicare of millions of dollars and exploited and abused highly vulnerable patients, including chronic substance abuse patients and elderly individuals with significant cognitive impairments -- and because he remained a danger to the community in light of the nature of his offenses, his continuing ability to commit similar offenses, his negative net worth, and his failure to accept responsibility.  18 U.S.C. § 3553(a)(1), (a)(2)(A).  All of these factors were properly considered under § 3553(a).  *Id.*  Further, even if the court did not expressly address each factor or all of the mitigating evidence, it was not required to do so, and its acknowledgment that the § 3553(a) factors in general did not support release was sufficient.  *Tinker*, 14 F.4th at 1241.

Nor did the court make any clearly erroneous fact-findings or commit any clear errors in judgment.  Macli argues that the district court incorrectly concluded that (1) he remained a danger to the community, and (2) he did not accept responsibility for his actions.  But the district court has broad discretion to assess the

relevant factors, and we cannot say the court abused its discretion on this basis. *See Harris*, 989 F.3d at 912; *Tinker*, 14 F.4th at 1241.

Indeed, the court's conclusion that Macli remained a danger to the community was supported by the severity and extent of his offense conduct, which, as we've noted, defrauded millions from Medicare and affected vulnerable patients; Macli's negative net worth, which could be seen as an incentive to commit similar crimes to make money; and his continuing capacity to commit these crimes, since the commission of health care fraud does not require strength or vitality. There was nothing impermissible in the court's analysis of these factors. Moreover, the court did not clearly err by concluding that Macli continued to deny responsibility for his actions based on his testimony at the hearing for his motion to vacate that he was not guilty and that all of his actions had been honest. Notably, Macli did not address this testimony in his motion or in his brief on appeal.

In short, we are unpersuaded by Macli's claim that the district court improperly weighed the § 3553(a) factors. As we've said many times, "'the district court ha[s] a range of choice and . . . [we] cannot reverse just because [we] might have come to a different conclusion had it been [our] call to make.'" *Harris*, 989 F.3d at 912 (quotations omitted). Accordingly, the district court did not abuse its discretion in denying the motion for compassionate release, and we affirm.

**AFFIRMED.**