[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10936

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERTO PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:11-cr-60252-DMM-2

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Roberto Perez appeals the denial of his motion to reduce his 240-month sentence for conspiracy to possess with intent to distribute cocaine.  He argues that he was eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because (1) his 20-year sentence—which was the mandatory minimum at the time he was sentenced in 2012—is "unusually long," (2) he has served more than 10 years of the sentence, (3) nonretroactive changes in the law have since reduced the applicable mandatory minimum to 15 years, and (4) at 48 years old, he has been fully rehabilitated, is unlikely to reoffend, and presents no danger to the community.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b)(6).  He also contends that the district court failed to adequately explain its conclusion that the sentencing factors in 18 U.S.C. § 3553(a) weighed against a sentence reduction.

The government moves for summary affirmance.  Summary disposition is appropriate if the appeal is frivolous or "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

A district court may reduce a prisoner's sentence under § 3582(c)(1)(A) only "after considering the factors set forth in section 3553(a) to the extent that they are applicable," regardless of whether the prisoner meets the other statutory criteria. *See United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021) (quotation omitted). In explaining its decision to deny a motion for compassionate release, the district court need not separately address each of the § 3553(a) factors—"an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).

We review a district court's denial of a motion for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *Id.* at 1237 n.1. A district court abuses its discretion in weighing the § 3553(a) factors if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1241 (quotation omitted).

Here, the district court indicated that it had considered the parties' arguments and the § 3553(a) factors. It denied Perez's motion for compassionate release in part because the nature and circumstances of his offense (participation in a conspiracy to distribute almost nine kilograms of cocaine, while serving a term of supervised release for a prior felony drug crime), his criminal history (two prior convictions for possession of controlled substances, one

prior conviction for conspiracy to possess with intent to distribute 15–50 kilograms of cocaine, and multiple drug-related violations of supervised release), and the other § 3553(a) factors weighed against granting his early release.

Perez has not shown that the district court abused its discretion in weighing the § 3553(a) factors, or that the court failed to adequately explain its decision. Because the government's position is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," we **GRANT** the government's motion and **AFFIRM**. *Groendyke Transp., Inc.*, 406 F.2d at 1162.