**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10789

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DWIGHT CARTER, SR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20470-JEM-1

————————————

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Dwight Carter, Sr., proceeding pro se, appeals the district court's denial of his motion for compassionate release, pursuant to § 3582(c)(1)(A). Carter argues that his sentence is "unusually long"

due to changes in the sentencing structure of 18 U.S.C. § 924(c) and (j) since his sentencing.  Carter also argues that a reduction is justified because the national average sentence for murder is less than 25 years, he was a youthful offender at the time of his crimes, and he no longer poses a danger to this community.  Carter further argues that the § 3553(a) factors favor a reduction of his sentence.

We review de novo whether a prisoner is eligible for a sentence reduction under § 3582(c)(1)(A), *see United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021), and we review "a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

"Generally, a district court may not modify a term of imprisonment once imposed . . . ." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005).  However, a defendant may move for compassionate release under § 3582(c)(1)(A).  18 U.S.C. § 3582(c)(1)(A).  A district court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. §3553(a) factors weigh in favor of compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).  When the district court finds that one of these three prongs is not met, it need not examine the other prongs.  *Giron*, 15 F.4th at 1348-50.

A district court must impose a "sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2), which are the need for the sentence to reflect the

seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the types of sentences that are available; (3) the appropriate types of sentences and sentencing range established by the sentencing guidelines; (4) policy statements by the Sentencing Commission; (5) the need to avoid sentencing disparities between similarly situated defendants; and (6) the need to provide restitution. *Id.* § 3553(a)(1), (3)-(7).

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Tinker*, 14 F.4th at 1241 (citation modified). However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (citation modified).

Here, we conclude that the district court did not abuse its discretion in denying Carter's motion. Carter's life sentence comports with the § 3553(a) factors, namely the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and promote deterrence. 18 U.S.C. § 3553(a). It was thus within the district court's discretion to weigh the seriousness of Carter's conduct, which resulted in the killing of a security guard, more heavily than it weighed the mitigating factors such as

4                    Opinion of the Court                    25-10789

Carter's rehabilitation efforts.  Because the § 3553(a) factors do not favor relief, we conclude that Carter is not eligible for a sentence reduction and affirm the district court's denial of his motion for compassionate release.

**AFFIRMED.**