**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10244

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JABARI HIRD,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:08-cr-00195-HES-PDB-2

————————————

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jabari Hird, proceeding pro se, appeals the denial of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in denying his motion because he

was given an unusually long sentence and intervening changes in the law constitute extraordinary and compelling reasons for relief. He also maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors favor a sentence reduction.

We review whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) de novo. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once we know the defendant is eligible, we then review the district court's denial of the petitioner's § 3582(c)(1)(A) motion for abuse of discretion. *Id.* Abuse of discretion occurs if the district court applies an incorrect legal standard, follows improper decision-making procedures, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). And though district courts must explain their decisions "adequately enough to allow for meaningful appellate review," district courts generally have "a 'range of choice'" in sentencing decisions. *See Giron*, 15 F.4th at 1345 (quoting *Harris*, 989 F.3d at 912).

Pursuant to § 3582(c)(1)(A), the district court can modify a sentence if (1) "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it (2) finds that "extraordinary and compelling reasons warrant such a reduction," and that (3) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "applicable policy statement[]" appears at U.S.S.G. § 1B1.13, which lists six categories of circum-

stances that may constitute "extraordinary and compelling reasons" for compassionate release, in addition to the separate requirement that the defendant not be a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" *See* U.S.S.G. § 1B1.13(a)(2), (b)(1)–(6).

This three-part test does not require that the district court make the three findings in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). In other words, a district court need not find "extraordinary and compelling reasons" for release *before* considering the § 3553(a) factors or § 1B1.13's policy statement. *Id.* Instead, if any one of these three "necessary conditions" are not satisfied, the court may deny relief. *See id.* As such, if the § 3553(a) factors do not favor a sentence reduction under § 3582(c)(1)(A), the district court properly denies relief regardless of the § 1B1.13 policy statement or any "extraordinary and compelling reasons." *Id.* at 1239.

Section 3553(a)'s "statutory command" is that any sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of punishment. *Hewitt v. United States*, 606 U.S. 419, 435 (2025) (citing 18 U.S.C. § 3553(a)). These purposes include the need "to reflect the seriousness of the offense," deter criminal conduct, "protect the public" from the defendant's future crimes, and provide the defendant with needed training or treatment. 18 U.S.C. § 3553(a)(2)(A)–(D). In imposing a particular sentence, the court must also consider the offense's "nature and circumstances," the defendant's "history and characteristics," the

"kinds of sentences available," the applicable guideline range, Sentencing Commission policy statements, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any" of the defendant's victims. *Id.* § 3553(a)(1), (3)–(7).

In determining whether compassionate release is warranted under the § 3553(a) factors, the district court need not address each of the statutory factors or all the mitigating evidence. *See Tinker*, 14 F.4th at 1241. "Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* "A sentence may be affirmed so long as the record indicates that the district court considered 'a number of the factors' such as the 'nature and circumstances of the offense,' the defendant's history of recidivism, and the types of sentences available." *Id.* (quoting *United States v. Dorman*, 488 F.3d 936, 944–45 (11th Cir. 2007)). The district court can also decide what weight to give to any given § 3553(a) factor, in its "sound discretion[.]" *Id.* (quoting *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)). Abuse of discretion occurs if the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

Here, liberally construed, Hird's brief raises the issue of the district court's § 3553(a) factor analysis.  But his claim fails on the merits because he does not establish an abuse of discretion.  The court below incorporated an extensive § 3553(a) analysis from an earlier order that expressly discussed at least five different factors favoring a denial of relief.   Insofar as Hird asserts that the court should have weighed his mitigating evidence more heavily, he is incorrect as a matter of law.  The weight given to mitigating evidence is within the district court's sound discretion.  Because affirmance on this ground alone is proper, we need not address the arguments as to the extraordinary and compelling reasons and danger to the community elements.

**AFFIRMED.**